IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABBIE VANHOOK**<br>4509 Gloucester Drive<br>Trent Woods, NC 28562<br><br>          **Plaintiff,**<br>v.<br><br>**STANLEY MICHAEL FORD**<br>592 Nicholson Street<br>Washington, D.C.  20001<br><br>and<br><br>**WASHINGTON METROPOLITAN AREA**<br>     **TRANSIT AUTHORITY   ("WMATA")**<br>600 Fifth Street, N.W.<br>Washington, D.C. 20001<br><br>          **Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>: CASE NO._____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL

Comes now the Defendant, pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C. Code Ann. § 9-1107.01(81) (2001) and gives notice that the instant action is removed from the Superior Court of the District of Columbia to this Court.  The removal is based upon the following grounds:

1.  On June 2, 2008, the Plaintiff filed a Complaint against the Defendants in the civil division of the Superior Court of the District of Columbia.  A copy of the Complaint and Summons in that action, <u>Abbie Vanhook v. Stanley Ford and WMATA</u>, 2008 CA 004195 B as well as the Superior Court's Initial Order in that case are attached hereto as "A."

2.  Service of process on WMATA occurred on July 9, 2008.

3.  This is a civil action in which this Court has original jurisdiction under the WMATA Compact, Public Law 89-774, paragraph 81, approved by Congress on November 6, 1966, as amended, reprinted at D.C. Code 9-1107.01, Section 81, which provides:

> The United States District Courts shall have original jurisdiction , concurrent with the Courts of Maryland and Virginia, of all actions brought by or against the Authority and to enforce subpoenas issued under this Title. Any such action initiated in a State Court shall be removable to the appropriate Untied States District Court in the manner provided by Act of June 25, 1948, as amended (28 U.S.C. 1446).

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Carol O'Keeffe, # 036293
General Counsel

_____
Mark F. Sullivan, # 430876
Deputy General Counsel

_____
Janice L. Cole # 440351
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2543

_____
Nicholas S. Nunzio, Jr. #362578
Assistant General Counsel - WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 962-1028
Facsimile: (202) 962-2550
E-mail: nnunzio@wmata.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant WMATA's Notice of Removal was mailed, postage prepaid, on this 23rd day of July, 2008, to:

Sam L. Starks #440191
33353 Peachtree Road
Suite 501 Atlanta, GA 30326
(404) 257-1117

John Alan Jones
G. Christopher Olson
410 Glenwood Avenue, Suite 200
Raleigh, N.C.  27603
(919) 821-0005

Janice L. Cole

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

0004195-08

| Abbie Vanhook |
|---|

*Plaintiff*

VS.

| Stanley Michael Ford and Washington Metropolitan Area Transit Authority |
|---|

*Defendant*

Civil Action No. [ ]

## SUMMONS

To the above named Defendant:  Washington Metropolitan Area Transit ~~Area~~ Authority

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| John Alan Jones/G.Christopher Olson/ Sam L. Starks |
|---|

Name of Plaintiff's Attorney

| Jones Martin Parris & Tessener Law Offices, P.L.L.C. |
|---|

Address

| 410 Glenwood Avenue, Suite 200 Raleigh, NC 27603 |
|---|

| (919) 821-0005 |
|---|

Telephone

By ___C. Kelley___
Deputy Clerk

Date  06/02/08

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93     NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| ABBIE VANHOOK,<br>4509 Gloucester Drive<br>Trent Woods, NC 28562<br><br>           Plaintiff,<br><br>vs.<br><br>STANLEY MICHAEL FORD<br>592 Nicholson Street<br>Washington, DC 20001<br>(202) 526-7009<br><br>and<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 5th Avenue, NW<br>Washington, DC 20001<br>(202) 962-1234<br><br>           Defendants. | RECEIVED<br>Civil Clerk's Office<br>JUN 0 2 2008<br>Superior Court of the<br>District of Columbia<br>Washington, D.C.<br><br>0004195-08<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

NOW COMES Plaintiff Abbie Vanhook, through counsel, and complaining of Defendants, alleges and says as follows:

### JURISDICTION AND PARTIES

1. Plaintiff Abbie Vanhook is a citizen and resident of New Bern, North Carolina.

2. Upon information and belief, Defendant Stanley Michael Ford (hereinafter "Defendant Ford") is a citizen and resident of the District of Columbia.

3. Upon information and belief, Defendant Washington Metropolitan Area Transit Authority (hereinafter "Defendant WMATA") is a tri-jurisdictional government agency authorized by Congress that operates transit service in the Washington, D.C. metropolitan area.

4. This Court has jurisdiction over the subject matter herein pursuant to Title 11, § 921 of the Code of the District of Columbia, as amended.

## FACTUAL ALLEGATIONS

5. At approximately 6:52 a.m. on October 17, 2006, Abbie Vanhook was on her way to work and was walking to a local bus stop. She was walking within a clearly designated, pedestrian crosswalk from the westside to the eastside of Wisconsin Avenue, NW, in the District of Columbia.

6. At the same time and place described above, Defendant Ford was operating a bus (hereinafter "Metro bus") owned by Defendant WMATA.

7. Upon information and belief, while operating the Metro bus on October 17, 2006, Defendant Ford was an employee of and/or agent of Washington Metropolitan Area Transit Authority and was acting within the course and scope of his employment and agency with Defendant WMATA.

8. Upon information and belief, at all times relevant to the matters alleged herein, Defendant Ford operated Defendant WMATA's Metro bus with the approval and consent of his employer, Defendant WMATA, and was operating the Metro bus within the course and scope of his employment and agency with Defendant WMATA.

9. While Ms. Vanhook was within the clearly designated pedestrian crosswalk as described hereinabove, Defendant Ford steered the Metro bus into the northbound traffic of Wisconsin Avenue without keeping or maintaining a proper lookout.

10. Defendant Ford pulled the Metro bus rapidly away from the curb, accelerated suddenly without looking, and drove the Metro bus directly into Plaintiff Abbie Vanhook with great force.

11. As a result of being struck by the Metro bus, which was being operated by Defendant Ford, Abbie Vanhook was thrown into the intersection and suffered serious, permanent, life-threatening bodily injuries.

## FIRST CAUSE OF ACTION
(Negligence of Defendant Ford)

12. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 11 of this Complaint.

13. Defendant Ford was under a duty to operate the Metro bus in a reasonably careful and prudent manner.

14. Defendant Ford was negligent in the operation of the Metro bus in the following respects:

    (a) he failed to yield to a pedestrian, in violation of DC ST § 50-2201.28;

    (b) he failed to maintain a proper lookout;

    (c) he failed to exercise due and proper care in the way that he operated Defendant Metro's vehicle;

    (d) he failed to keep the motor vehicle that he was operating under reasonable and proper control; and

    (e) in other ways to be proved through discovery and at trial.

15. Defendant Stanley Ford's breach of the duty of care owed to Plaintiff Abbie Vanhook directly and proximately caused significant and permanent damages and injuries to Abbie Vanhook as described herein.

## SECOND CAUSE OF ACTION
(Negligence of Defendant WMATA)

16. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 15 of this Complaint.

17. Defendant WMATA was under a duty to exercise reasonable care in operating its transit system, including training and supervision of bus drivers and other employees.

18. Defendant Ford was employed by Defendant WMATA at the time of the above-described incident, and at all times relevant herein, Defendant Ford was acting within the course and scope of his employment and as an agent of Defendant WMATA.

19. All negligence, acts and omissions of Defendant Ford, as alleged hereinabove, were performed within the course and scope of his employment by Defendant WMATA. Therefore, Defendant WMATA is liable for any and all negligent acts of Defendant Ford pursuant to the doctrine of respondeat superior.

20. Upon information and belief, Defendant WMATA was also negligent in the following respects:

   (a) Defendant WMATA failed to provide adequate training and supervision for its bus drivers, including but not limited to Defendant Ford;

   (b) Defendant WMATA failed to adopt and enforce appropriate rules of operation for its bus drivers, including but not limited to Defendant Ford; and

   (c) in other respects to be proved through discovery and at trial.

21. Defendant WMATA's breach of the duty of care owed to Plaintiff Abbie Vanhook directly and proximately caused Plaintiff Abbie Vanhook to experience significant and permanent damages as detailed herein below.

## DAMAGES

22. The above-described negligent acts and omissions of both Defendants are all proximate causes of the injuries to Plaintiff, as described herein.

23. As a direct and proximate result of Defendants' negligence, Plaintiff Abbie Vanhook:

    (a)    suffered serious, painful and permanent bodily injuries;

    (b)    suffered multiple traumas including, but not limited to multiple fractures;

    (c)    suffered a close head injury with resulting neurologic injury;

    (d)    suffered permanent and severe loss of use of various parts of the body, including but not limited to both legs, hips, arms, and the brain;

    (e)    suffered severe, and will continue to suffer in the future, emotional distress, including clinical depression;

    (f)    suffered permanent scarring and disfigurement;

    (g)    incurred, and may continue to incur in the future, reasonable medical and other expenses for necessary medical treatment arising out of the injuries she sustained in the above-described collision;

    (h)    incurred a loss of wages in the past and will continue to experience wage loss due to a deduction in earning capacity;

    (i)    experienced a permanent loss of enjoyment of life;

    (j)    experienced and will continue to incur medical rehabilitative expenses;

    (k)    experienced great physical and mental discomfort and distress;

    (l)    lost the ability to perform the normal activities of day-to-day living, thereby requiring attendant care for the remainder of her life; and

(m)   sustained other damages to be demonstrated during discovery and trial.

24.   As a direct and proximate result of Defendants' negligence, Plaintiff Abbie Vanhook suffered damages in excess of $22,000,000.00.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendants Ford and WMATA as follows:

1. Compensatory damages in an amount to be determined by the Court, but in any event, in excess of $22,000,000.00 with interest, pre-judgment and post-judgment, as provided by law;

2. Attorneys' fees as provided by law;

3. The costs of this action as provided by law;

4. A trial by jury; and

5. Such other and further relief as the Court deems just and proper.

This the 30 day of May, 2008.

JONES MARTIN PARRIS & TESSENER
LAW OFFICES, P.L.L.C.

BY: _____          BY: _____
Sam L. Starks                                         John Alan Jones
D.C. Bar No. 440191                              N.C. State Bar No. 10376
3353 Peachtree Road                            G. Christopher Olson
Suite 510                                                N.C. State Bar No. 21223
Atlanta, Georgia 30326                        410 Glenwood Avenue, Suite 200
(404) 257-1117                                      Raleigh, North Carolina 27603
                                                              (919) 821-0005

**ATTORNEYS FOR PLAINTIFF ABBIE VANHOOK**



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ABBIE VANHOOK
   Vs.                                          C.A. No.     2008 CA 004195 B
STANLEY MICHAEL FORD

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                                            Chief Judge Rufus G. King, III

Case Assigned to: Judge MAURICE ROSS
Date:   June 12, 2008
Initial Conference: 9:00 am, Friday, September 05, 2008
Location:   Courtroom 415
               500 Indiana Avenue N.W.
               WASHINGTON, DC 20001

**ADDENDUM TO INITIAL ORDER AFFECTING
ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Abbie Vanhook
4509 Gloucester Drive
Trent Woods, NC 28562

## DEFENDANTS

Washington Metropolitan Area Transit Authority   and   Stanley Michael Ford
600 Fifth Street, N.W.,                                          592 Nicholson Street
Washington, D.C. 20001                                       Washington, D.C. 20001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sam L. Starks, John Alan Jones and G. Christopher Olson
Jones Martin Parris & Tessener Law Offices, PLLC
3352 Peachtree Road, Suite 510
Atlanta, Georgia 30326
(404) 257-1117

ATTORNEYS (IF KNOWN)

Janice L. Cole and Nicholas S. Nunzio, Jr.
Office of General Counsel - WMATA
600 Fifth St., N.W.
Washington, D.C. 20001
(202)962-2543

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ● B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

○ 1 Original Proceeding   ⊙ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. Sections 1441(a) and 1446 and DC Code Ann. Section 9-1107.01(81)(2001); Plaintiff/pedestrian claims injuries from a bus

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | DEMAND $ 22,000,000.00<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒ NO ☐ |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instruction) | YES ☐ NO ☒ | If yes, please complete related case form. |
|---|---|---|---|

DATE  7/23/2008          SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_ABBIE VAN HOOK_
Plaintiff

v.                                              Civil Action No.   08 1262

_STANLEY H. FORD, ET AL_                                            JUL 2 3 2008
Defendant

   The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **URBINA, J. RMU**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

   Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

   Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

                                        NANCY MAYER-WHITTINGTON, CLERK

                                        By _____
                                              Deputy Clerk

cc: SAM STARKS                                                      929A
    JOHN A. JONES                                                   Rev. 7/02